1
2
3
4
5
6
7
8
9
10
11
12

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES BOYD, | ) Case No. 11-cv-1490-AJB-JMA |
| Plaintiff, | ) |
| | ) **ORDER GRANTING JOINT** |
| v. | ) **MOTION AND ADOPTING IN** |
| | ) **PART STIPULATION FOR** |
| JPMORGAN CHASE BANK, a New | ) **PROTECTIVE ORDER RE** |
| York corporation, and DOES 1 | ) **CONFIDENTIALITY OF** |
| THROUGH 10, inclusive, | ) **DOCUMENTS AND** |
| | ) **INFORMATION [DOC. NO. 30]** |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

The parties' Joint Motion for Protective Order is GRANTED.  [Doc. No. 30.] The stipulated proposed terms are adopted with the exception of paragraphs 1, 4.3, 5.1, 5.2, 10 and 11.1, which are adopted with modifications, as set forth herein. Based on the foregoing, the Court ORDERS:

//

1.      **PURPOSES AND LIMITATIONS**

*The parties have represented that* [d]isclosure and discovery activity in this action will involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purposes other than prosecuting or defending this litigation is warranted.  Accordingly, the Parties ~~hereby stipulate to the following~~ *have agreed upon and submitted to the Court a* Stipulation Governing the Designation and Handling of Confidential Documents and Information, ~~and request that the Court enter this Stipulation as an Order of the Court~~ *which the Court hereby approves with modifications to paragraphs 1, 4.3, 5.1, 5.2, 10 and 11.1* ("Stipulated Protective Order").

The Parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the information or items that are entitled under applicable legal principles to treatment as confidential.  The Parties further acknowledge, as set forth in Section 9 below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; the Local Rules set forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file materials under seal.

2.      **DEFINITIONS**

2.1     Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts and outside counsel (and their support staff).

2.2     Material:  all items or information, regardless of the medium or manner generated, stored or maintained (including, among other things, testimony, transcripts or tangible things) that are produced or generated in connection with this case.

2.3     "Confidential Material":  means Material that is designated as "Confidential – Subject to Protective Order" in accordance with this Stipulation and Protective Order  and protected from disclosure under the terms of this order. Confidential Material is material that a party reasonably and in good faith believes

- 1 -

contains or discloses confidential, non-public, proprietary and/or sensitive information such as financial data, proprietary information, competitively sensitive nonpublic commercial and non-commercial information, information involving a legitimate privacy interest and other competitively sensitive information that is of a nonpublic nature that was created, received and/or maintained on a confidential basis, including but not limited to:  (a) personal and financial information of Plaintiff or any other individual; (b) sensitive customer information such as mailing address, account numbers and account information; and (c) any other information the Producing Party can demonstrate is sufficiently sensitive that disclosure would reveal business, competitive, proprietary or financial information of the Producing Party.

    2.4    Receiving Party:  a Party that receives Material in connection with this case.

    2.5    Producing Party:  a Party or non-party that produces Material in connection with this case.

    2.6    Designating Party:  a Party or non-party that designates Material as "Confidential – Subject to Protective Order" in connection with this case.

    2.7    Privileged Material:  material protected by any privilege, including but not limited to the attorney-client privilege, the attorney work product doctrine or any other applicable privilege.

    2.8    In-House Counsel:  attorneys who are employees of a Party.

    2.9    Counsel (without qualifier):  Outside Counsel and In-House Counsel (as well as their support staffs).

    2.10   Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action who is not a past or current employee of a Party or of a Party's competitor and who, at the time of retention, is not anticipated to become an employee of a Party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.11 <u>Professional Vendors</u>:  persons or entities that provide litigation support services to the Parties (e.g., photocopy; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3.   <u>SCOPE AND DURATION</u>**

3.1   The protections conferred by this Order cover not only Confidential Material, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries or compilations thereof, plus testimony, conversations or presentations by parties or counsel to or in court or in other settings that might reveal Confidential Material.  At trial and in other public proceedings before the district court, the parties agree that the party/parties interested in maintaining the "Confidential – Subject to Protective Order" designation need to seek leave to file Confidential Material under seal but recognize that the decision whether to seal any particular document lies with the district judge.

3.2   Even after termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court orders otherwise.

**4.   <u>DESIGNATING CONFIDENTIAL MATERIAL</u>**

4.1   <u>Manner and Timing of Designations</u>:  Except as otherwise provided in this Order (see, e.g., second paragraph of Section 4.1(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order shall be so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)   <u>For information in documentary form (apart from transcripts of depositions or other proceedings before the Magistrate)</u>, that the Producing Party affix the legend "Confidential – Subject to Protective Order" on each page of Material that the Producing Party wants to subject to the protections of this order.  If only a portion of the Material qualifies for protection, the Producing Party also must

clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Receiving Party may designate Material produced by a non-party pursuant to a subpoena as "Confidential – Subject to Protective Order" by producing a properly designated copy of the Material to all Parties within 21 days after the Material is initially produced by the non-party. All Material produced by non-parties in response to subpoenas shall be treated as Confidential Material during that 21-day period.

A non-party who produces Material may designate the Material as "Confidential – Subject to Protective Order" in accordance with this Order, and such Material will be protected from disclosure to the same extent as other Confidential Material.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. A presumption of confidentiality remains in place for 30 days until the confidentiality designation is completed. During the inspection and before the designation, all of the material made available for inspection shall be deemed "Confidential – Subject to Protective Order." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing party must affix the "Confidential – Subject to Protective Order" legend at the top of each page that contains Protected Material. If only a portion or portions of the Material qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)    Depositions shall be treated as Confidential Material until 21 days after counsel for any Party receives a copy of the transcript. During this 21-day

1   period, any Party may designate parts of the transcript "Confidential – Subject to

2   Protective Order" by giving written notice to counsel for all Parties of the page(s)

3   and line number(s) of the transcript that are designated and by furnishing a copy of

4   the transcript pages with the appropriate text marked and designated "Confidential –

5   Subject to Protective Order" in a way that can be reproduced by photocopying.

6          (c)    <u>For Material produced in some form other than documentary, and

7   for any other tangible items,</u> that the Producing Party affix in a prominent place on

8   the exterior of the container or containers in which the Material is stored the legend

9   "Confidential – Subject to Protective Order."  If only portions of the Material

10  warrant protection, the Producing Party, to the extent practicable, shall identify the

11  protected portions as "Confidential – Subject to Protective Order."

12      4.2   <u>Failures to Designate</u>.  Failure to designate any Material as Confidential

13  Material shall not be deemed a waiver of the Producing Party's or non-party's claim

14  of confidentiality as to such Material, and the Producing Party or non-party may

15  thereafter designate such information as Confidential Material.

16      4.3   <u>Inadvertent Production of Privileged Material</u>.  Inadvertent production

17  of Privileged Material shall not be deemed a waiver of any applicable privilege.  In

18  the event that the Producing Party discovers it has inadvertently produced Privileged

19  Material, the Producing Party may demand return or destruction of all copies of the

20  Privileged Material by providing written notice of the demand to the Parties to which

21  the Privileged Material was produced.  A Party receiving the notice shall have ten

22  (10) business days to respond to the demand.  If the Party receiving notice does not

23  agree to the demand within that time, that Party shall provide a written response and

24  available dates to hold a meet and confer session ~~in anticipation of a motion to~~

25  ~~compel to be filed by the Producing Party~~.  Any Party receiving a demand to return

26  Privileged Material shall segregate the Privileged Material and any materials derived

27  from the Privileged Material, and shall not use or disclose them unless and until the

28  Producing Party fails to timely ~~file a motion to compel (according to the Federal~~

1   ~~Rules of Civil Procedure)~~ *bring the matter to the Court's attention in compliance*

2   *with the undersigned's Chamber's Rules regarding Case Management and*

3   *Discovrey Disputes, if the Parties are unable to resolve their dispute through the*

4   *meet and confer process.*  A Designating Party's inadvertent failure to designate

5   information as "Confidential – Subject to Protective Order" also does not waive a

6   claim of attorney-client privilege or work-product protection, as provided in Federal

7   Rule of Evidence 502(b).

8        The Parties shall serve a copy of this Order simultaneously with any discovery

9   request made to a non-party in this action.

10  **5.      CHALLENGING CONFIDENTIALITY DESIGNATIONS**

11       5.1    Meet and Confer.  A Party that elects to initiate a challenge to a

12  Designating Party's confidentiality designation must do so timely and in good faith

13  and must begin the process by conferring directly (in voice-to-voice dialogue; other

14  forms of communication are not sufficient) with counsel for the Designating Party.

15  In conferring, the challenging Party must explain the basis for its belief that the

16  confidentiality designation was not proper and must give the Designating Party an

17  opportunity to review the designated material, to reconsider the circumstances and, if

18  no change in designation is offered, to explain the basis for the chosen designation.

19  *The efforts to meet and confer must comply with the undersigned's Chambers Rules.*

20  A challenging Party may proceed to the next stage of the challenge process only if it

21  has engaged in this meet and confer process first.  This paragraph does not shift any

22  burdens of proof under the Federal Rules of Civil Procedure or relevant case law.

23       5.2    Judicial Intervention.  A Party that elects to press a challenge to a

24  confidentiality designation after considering the justification offered by the

25  Designating Party must ~~comply with Local Rules 37-1 and 37-2 (including the Joint~~

26  ~~Stipulation requirement) and file such Joint Stipulation with the Court (in compliance~~

27  ~~with Civil Local Rule 79-5, if applicable) that identifies the challenged material and~~

28  ~~sets forth in detail the basis for the challenge~~ *bring the matter to the Court's attention*

- 6 -

*in compliance with the undersigned's Chambers Rules*.  The burden of persuasion in any such challenge proceeding shall be on the challenging Party.  Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

**6.**     **ACCESS TO AND USE OF CONFIDIENTIAL MATERIAL**

6.1     <u>Basic Principles</u>.  A Receiving Party may use Confidential Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending or attempting to settle this litigation.  Such Confidential Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 10 below (FINAL DISPOSITION).  Confidential Material must be stored and maintained by a Receiving Party at a location and in a secure manner ensuring that access is limited to the persons authorized under this Order.

6.2     <u>Disclosure of Confidential Material</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose Confidential Material to:

(a)     the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and Professional Vendors who are reasonably necessary for the processing of the Confidential Material, so long as they do not maintain their own copies of the Confidential Material.

(b)     the officers, directors and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c)     experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Stipulated Protective Order" (Exhibit A);

(d)     the Court and its personnel;

(e)     court reporters, their staffs and professional vendors of such reporters to whom disclosure is reasonably necessary for this litigation;

(f)     during their deposition, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Stipulated Protective Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(g)     the author of the document or the original source of the information and the author's attorney if one has been retained.

## 7.     CONFIDENTIAL MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of Confidential Material, the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than five court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.  Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order.  In addition, the Receiving Party must deliver a copy of this Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or

order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection of its confidential material in that court, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful subpoena or directive from another court.

**8.      UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Confidential Material, (c) inform the person or person to whom unauthorized disclosures were made of all the terms of this Order and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" that is attached hereto as Exhibit A.

**9.      FILING CONFIDENTIAL MATERIAL**

A Party that seeks to file under seal any Confidential Material must comply with the Local Rules.  If any papers to be filed with the Court contain Confidential Material, the proposed filing shall be accompanied by an application to file the Confidential Material under seal.  The application shall be directed to the judge to whom the papers are directed.  For motions, the parties should publicly file a redacted version of the motion and supporting papers.

Subject to public policy, and further court order, nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel.

If the Court grants a party permission to file an item under seal, a duplicate disclosing all nonconfidential information, if any, shall be filed and made part of the public record.  The item may be redacted to eliminate confidential material from the document.  The document shall be titled to show that it corresponds to an item filed

under seal, e.g., "Redacted Copy of Sealed Declaration of John Smith in Support of Motion for Summary Judgment." The sealed and redacted documents shall be filed simultaneously.

**10.   FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return to the Producing Party all Confidential Material of the Producing Party or, if the Confidential Material was transmitted electronically, to confirm that the files and attachments were deleted. As used in this Section 10, "all Confidential Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Confidential Material. With permission in writing from the Designating Party, the Receiving Party may destroy or delete some or all of the Confidential Material instead of returning it. Whether the Confidential Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Confidential Material that was returned, destroyed or deleted and that confirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Confidential Material. Notwithstanding this provision, Counsel are entitled to retain a single archival copy of all filed pleadings, even if such material contains Confidential Material, until the statute of limitations runs on any potential claims for professional negligence or malpractice. Any such archival copies that contain or constitute Confidential Material remain subject to this Order.

**11.   MISCELLANEOUS**

11.1   Redaction of Confidential Material. If Material contains both Confidential Material and non-confidential material, the Receiving Party may make copies of the Material that are redacted in such a manner as to completely remove the

Confidential Material.  Material so redacted is not subject to this Stipulation, notwithstanding that it may contain the appropriate legend designating it as "Confidential – Subject to Protective Order."  Nothing in this paragraph shall be a waiver of the "Confidential – Subject to Protective Order" designation by the Designating Party for any Confidential Material that is redacted pursuant to this paragraph.  A Receiving Party who elects to redact Confidential Material pursuant to this Paragraph shall do so in good faith, using reasonable care, and will be subject to any and all remedies available to the Producing Party for failing to completely and/or effectively redacting Confidential Material, whether by inadvertence or otherwise.

11.2    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

11.3    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.


**IT IS SO ORDERED.**

Dated: March 7, 2012

MAGISTRATE JUDGE JAN M. ADLER,
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

# **EXHIBIT A**

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER**

I, _____, [type full name] of
_____ [type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Southern District of California on [date] in the case of <u>James Boyd v. Chase Bank USA, N.A.</u>, Case No. 11-cv-1490-AJB-JMA.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  Unless otherwise noted immediately below, I, as a party, employee of a party, expert, or a person employed by Counsel agree that I shall be deemed to have designated the Counsel who hired or retained me with offices in California, as my California agent for service.

I hereby appoint _____ [type name] of
_____ [type address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Print Name: _____

Signature:_____

- 12 -